UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No.: 1:25-cv-00377-MOC-WCM

MORGAN RYAN TWITTY,

    Plaintiff,

v.

JACKSON COUNTY, NORTH CAROLINA, SHERIFF CHIP HALL, JACKSON COUNTY SHERIFF'S OFFICE, JACKSON COUNTY DETENTION CENTER, OFFICER KAYLOM SAYLOR, JAIL OFFICERS JOHN DOE 1-3, HARRAH'S NC CASINO COMPANY, LLC d/b/a HARRAH'S CHEROKEE CASINO RESORT, CHRIS TANGEDAHL, and JOHN DOE 4 (Casino Security Guard),

    Defendants.

**DEFENDANTS JACKSON COUNTY, NORTH CAROLINA AND SHERIFF CHIP HALL'S ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendants Jackson County, North Carolina and Sheriff Chip Hall collectively "Jackson County Defendants"), by and through undersigned counsel, and hereby respond to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state valid claims for relief against the Jackson County Defendants as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Jackson County Defendants are entitled to governmental immunity, public official immunity, and qualified immunity. Plaintiff's Complaint fails to allege sufficient facts to overcome these defenses. Plaintiff's claims should therefore be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

The Jackson County Defendants plead and assert governmental immunity as a defense to all applicable claims asserted in the Complaint. The Jackson County Defendants have not waived immunity from suit. Plaintiff's claims are therefore subject to dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

At all times relevant to the allegations in Plaintiff's Complaint, the Jackson County Defendants acted in good faith and without malice, with the reasonable belief that their actions were lawful and in accordance with Plaintiff's constitutional rights and did not violate any clearly established constitutional rights of the Plaintiff. Qualified immunity is therefore asserted as a defense to all applicable claims and allegations contained in Plaintiff's Complaint, and Plaintiff's claims are therefore subject to dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Plaintiff failed to properly serve the Jackson County Defendants as required by Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint is subject to dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Without waiving any applicable defenses, the Jackson County Defendants respond to the allegations in the Plaintiff's Complaint as follows[1]:

---

[1] Plaintiff's Complaint contains a mix of forms with handwritten notes and typed pages, none of which contain numbered paragraphs. Defendants will organize their responses based on the page numbers from Docket Entry 1 and then any subheadings that may appear on those pages.

**DE 1- Page 1**

This page contains no allegations directed at the Answering Defendants, therefore no response is required. To the extent a response is deemed necessary, denied.

**DE 1 – Page 2**

This page contains no allegations directed at the Answering Defendants but rather lists all Defendants to the lawsuit, therefore no response is required. To the extent a response is deemed necessary, denied.

**DE 1 – Page 3**

I. The Parties to This Complaint.

A. The Plaintiff(s)

The information under this subheading is denied for lack of information or belief.

B. The Defendant(s)

Defendant No. 1: It is admitted that Jackson County is a municipal government in North Carolina. It is explicitly denied that Jackson County oversees the Sheriff and his office or the Detention Center.

Defendant No. 2: It is admitted that Chip Hall was the former Sheriff for Jackson County.

**DE 1 – Page 4**

Defendant No. 3: The information under this subheading is denied for lack of information or belief.

Defendant No. 4: The information under this subheading is denied for lack of information or belief.

II. Basis for Jurisdiction

It is admitted that Plaintiff purports to bring claims against state and local officials pursuant

to 42 U.S.C. § 1983. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 5**

There are no allegations on this page that require a response. To the extent a response is required, denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 6**

Defendant No. 5: The information under this subheading is denied for lack of information or belief.

Defendant No. 6: The information under this subheading is denied for lack of information or belief.

Defendant No. 7: The information under this subheading is denied for lack of information or belief.

**DE 1 – Page 7**

Defendant No. 8: The information under this subheading is denied for lack of information or belief.

Defendant No. 9: The information under this subheading is denied for lack of information or belief.

**DE 1 – Page 8**

**Section II – Basis for Jurisdiction**

**B.**

It is admitted that Plaintiff purports to bring claims against state and local officials pursuant to 42 U.S.C. § 1983. It is further admitted that all Jackson County Defendants were acting under

4

the color of state law.

The remainder of the allegations under this subheading constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, it is explicitly denied that any of the Jackson County Defendants violated Plaintiff's Constitutional rights, including but not limited to his rights under the Fourth, Fourteenth, Eighth and First Amendment. It is further denied that any of Plaintiff's rights under the North Carolina Constitution were violated by any Jackson County Defendants. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**C.**

The allegations of the first paragraph under this subheading are denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

Regarding the allegations of the second paragraph under this subheading, it is admitted that the Jackson County Defendants were acting in the course and scope of their employment while interacting with Plaintiff. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 9**

**D.**

Regarding the allegations of the first paragraph under this subheading, it is admitted that the Jackson County Defendants were acting under color of state law while interacting with Plaintiff. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

Regarding the allegations of the first paragraph under this subheading, it is denied that the Office of the Jackson County Sheriff or the Jackson County Detention Center are state entities capable of acting. It is admitted that Sheriff's Deputies are sworn law enforcement officers pursuant to North Carolina law and that all Jackson County Defendants were acting within the course and scope of their employment when interacting with Plaintiff. Except as expressly admitted, denied.

The third paragraph under this subheading does not contain any allegations directed at the Jackson County Defendants, therefore no response is required. To the extent a response is deemed necessary, denied.

**<u>DE 1 – Page 10</u>**

**III.    Statement of Claim**

**A.    Where did the events giving rise to your claims occur?**

The allegations under this subheading are denied for lack of information or belief.

**B.    What date and approximate time did the events giving rise to your claims occur?**

The allegations under this subheading are denied for lack of information or belief.

**C.    What are the facts underlying your claims?**

**STATEMENT OF CLAIM**

The allegations contained in the first paragraph under this subheading are denied for lack of information or belief.

Regarding the allegations contained in the second paragraph under this subheading, it is admitted that Plaintiff was transported to the Jackson County Detention Center. Except as expressly admitted, denied.

Regarding the allegations contained in the third paragraph under this subheading, it is

6

admitted that Plaintiff received medical care while at the Jackson County Detention Center. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability. Except as expressly admitted, denied as stated or for lack of information or belief.

**DE 1 – Page 11**

The allegations of the first paragraph on this page are denied.

The allegations of the second paragraph on this page are denied as stated.

The allegations of the third paragraph on this page, including all bullet points, are denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

Regarding the allegations of the fourth paragraph on this page, it is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 12**

The allegations contained on this page are denied for lack of information or belief. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 13**

There are no allegations on this page that require a response. To the extent a response is required, denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

**DE 1 – Page 14**

**IV.    Injuries**

7

4909-3765-9012.5  Case 1:25-cv-00377-MOC-WCM   Document 14   Filed 12/22/25   Page 7 of 11

The allegations of the first paragraph under this subheading are denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

The allegations of the second paragraph under this subheading are denied for lack of information or belief.

The allegations of the third paragraph under this subheading are denied for lack of information or belief.

The allegations of the fourth paragraph under this subheading are denied for lack of information or belief.

**DE 1 – Page 15**

**Section V – Relief**

The allegations contained on this page, including all parts of the prayer for relief, are denied. It is explicitly denied that the Jackson County Defendants committed any wrongdoing or are liable to Plaintiff under any law, statute, or theory of liability.

ALL ALLEGATIONS CONTAINED IN ANY PORTION OF THE COMPLAINT INCLUDING ANY INTRODUCTION OR PRAYER FOR RELIEF THAT ARE NOT EXPRESSLY ADMITTED IN THIS ANSWER ARE DENIED.

**SIXTH DEFENSE**

The Jackson County Defendants complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive and any injury accruing to Plaintiff, the existence of which is explicitly denied, is not actionable.

**SEVENTH DEFENSE**

The Jackson County Defendants plead all equitable defenses, including but not limited to

the doctrine of laches, waiver, estoppel, set-off, and unclean hands in bar or limitation of the Plaintiff's claims and damages to the maximum extent permitted by applicable law.

## EIGHTH DEFENSE

The Jackson County Defendants plead the doctrine of necessity as a defense to all applicable claims asserted in the Complaint.

## NINTH DEFENSE

The Jackson County Defendants plead all other applicable immunities to which they are entitled by operation of law in bar of Plaintiff's right to recover herein. Including but not limited to all qualified, conditional, and absolute immunities and privileges.

## TENTH DEFENSE

With regard to Plaintiff's plea for punitive damages, Defendants raise all defenses, rights, immunities, and limits set out in N.C. Gen. State § 1D, *et seq*., by means of a bar or limitation as to the Plaintiff's right to recover punitive damages.

## ADDITIONAL DEFENSES

The Jackson County Defendants reserve the right to amend their Answer to Plaintiff's Complaint to assert any additional affirmative defenses allowed by the Federal Rules of Civil Procedure, depending upon any evidence discovered in pursuit of this litigation.

WHEREFORE, having responded to the allegations of the Complaint and having asserted the affirmative and other defenses listed above, the Defendants herein pray unto the Court as follows:

1. The Plaintiff have and receive nothing from the Defendants in this action;
2. The Plaintiff's request for punitive damages be denied;
3. That the Defendants recover their costs in this action, including reasonable expenses and

attorney's fees as allowed by law;

4. That all of Plaintiff's claims be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

5. For all such other and further relief as the Court deems just and proper.

This the 22nd day of December, 2025.

                                        **CRANFILL SUMNER LLP**

BY:    */s/ Samantha M. Owens*
          Patrick H. Flanagan, NC Bar #17407
          Samantha M. Owens, NC Bar #62580
          *Attorneys for Defendants Jackson County, North Carolina and Sheriff Chip Hall*
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          phf@cshlaw.com
          sowens@cshlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANTS JACKSON COUNTY, NORTH CAROLINA AND SHERIFF CHIP HALL'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system and by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to each party as follows:

| | |
|---|---|
| Morgan Ryan Twitty<br>206 Church Street<br>Spindale, NC 28160<br>*Pro Se Plaintiff* | Thomas M. Buckley<br>Allegra Amelia Sinclair<br>Goldberg Segalla LLP<br>tbuckley@goldbergsegalla.com<br>asinclair@goldbergsegalla.com<br>*Attorneys for Defendant Harrah's NC Casino Company, LLC d/b/a Harrah's Cherokee Casino Resort* |

This the 22nd day of December, 2025.

                                                **CRANFILL SUMNER LLP**

BY:   */s/ Samantha M. Owens*
         Patrick H. Flanagan, NC Bar #17407
         Samantha M. Owens, NC Bar #62580
         *Attorneys for Defendants Jackson County, North Carolina and Sheriff Chip Hall*
         P.O. Box 30787
         Charlotte, NC 28230
         Telephone (704) 332-8300
         Facsimile (704) 332-9994
         phf@cshlaw.com
         sowens@cshlaw.com